UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DONALD HENSLEY, JR. (#112218)**                **CIVIL ACTION**

**VERSUS**

                                                                            **20-703-SDD-RLB**

**GABRIEL HEBERT, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 25, 2021.

                                                                                          _____
                                                                                          **RICHARD L. BOURGEOIS, JR.**
                                                                                          **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD HENSLEY, JR. (#112218)                    CIVIL ACTION

VERSUS

                                                          20-703-SDD-RLB

GABRIEL HEBERT, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on a Motion to Dismiss filed on behalf of defendants Assistant Warden Trent Barton and Major Gabriel Hebert (R. Doc. 19). The motion is opposed. *See* R. Doc. 21.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against defendants Barton and Gabriel alleging that his constitutional rights have been violated due to unconstitutional conditions of confinement. He prays for injunctive and monetary relief.

The moving defendants first seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's claim against them in their official capacities. In this regard, the defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25.

Accordingly, the plaintiff's claims asserted against the defendants in their official capacities, for monetary damages, are subject to dismissal. In contrast, the plaintiff's claims for monetary damages asserted against the defendants in their individual capacities remain viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29. The plaintiff's claims for injunctive relief also remains viable. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief.

Turning to the plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, the defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint the plaintiff alleges the following: On March 9, 2020, the plaintiff was transferred to "the dungeon." He immediately noticed that there was no light in the cell. The plaintiff and his cell mate spoke to defendant Hebert about the lack of lighting, and defendant Hebert stated that he would check on the problem. The plaintiff and his cell mate also spoke to defendant Barton who told them it would not be long before a light was placed in the cell. Despite seeing defendants Hebert and Barton several more times, the defendants would not discuss the lighting status any further.

The plaintiff's cell is semi-dark during the day, and at night the cell is dark with "a little light" from hallway lights. Plaintiff's top bunk, however, was mostly obscured from the hallway lighting. At the time his Complaint was filed, the plaintiff had been without a light in his cell for four months resulting in migraines, dizziness, and blurred vision. Due to the position of the plaintiff's bunk, he receives less that 7-15 foot-candles of lighting.

The plaintiff was moved to a new cell on August 14, 2020 but his new cell was also without a light. The entire tier was missing lighting in the cells. A few days later the plaintiff spoke to defendant Hebert and informed him of his blurred vision and migraines. Defendant

Hebert said that it was up to defendant Barton to have the lighting fixed. Defendant Barton refused to move the plaintiff to a cell with lighting.

In response to the plaintiff's allegations, the moving defendants have asserted that they are entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be denied. Specifically, the Court concludes that the plaintiff has stated a claim upon which relief may be granted.

The plaintiff's allegations pertain to his conditions of confinement. The prohibition against cruel and unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones"). However, a constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so

serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994), *citing Wilson v. Seiter*, *supra,* 501 U.S. at 304. Second, under a subjective standard, the Court must determine that the prison officials responsible for the deprivation have been "deliberately indifferent to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995).

Defendants assert in the instant Motion, "Plaintiff received adequate lighting at all times when he was housed on Cell Block D as a result of the lights above the tier walkway just outside of his cell. In his *Complaint*, Plaintiff states that there was light illuminating his cell from the lights above the tier walkway. While this light may not have been satisfactory to Plaintiff, it can hardly be said that not having an individual light in his cell, while still receiving light from fixtures above the tier walkway, was a denial of the minimal civilized measure of life's necessities." However, the plaintiff does not state that a light from the walkway illuminates his cell. The plaintiff alleges that this minimal lighting is obscured due to the position of his bunk.

Courts have held that a prison's failure to provide adequate lighting may violate the Eighth Amendment's requirement that adequate shelter be provided. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996); *Hoptowit v. Spellman*, 753 F.2d 779, 783 (9th Cir. 1985) ("adequate lighting is one of the fundamental attributes of adequate shelter"). In *Powell v. Washington*, 720 F. App'x 222, 228 (6th Cir. 2017) the Court found that "the alleged deprivation of adequate lighting in Powell's cell for thirty-five days is sufficiently extreme to state an Eighth Amendment claim." *See also Cousin v. Delaney*, 14-cv-76-JWD-RLB, 2015 WL 589972, at *5 (M.D. La. Feb. 11, 2015) (holding that claim of inadequate lighting sufficiently set forth a violation of constitutional rights).

In the instant matter, the plaintiff alleges to have been deprived of adequate lighting for at least four months. He further alleges that his repeated requests to fix the lighting or transfer him to another cell with adequate lighting were ignored. When the plaintiff was finally transferred to a different cell, there was no light in the new cell. As such, the plaintiff's Complaint states a claim for unconstitutional conditions of confinement.[1]

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the defendants' Motion to Dismiss (R. Doc. 19) be granted in part, dismissing the plaintiff's claims for monetary damages against the defendants in their official capacities. It is further recommended that in all other regards the Motion be denied, and this matter be referred back to the Magistrate Judge for further proceeding herein.

Signed in Baton Rouge, Louisiana, on March 25, 2021.

　　　　　　　　　　　　　　　　　　　　　　　　　　
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Compare *Carney v. Craven*, 40 F. App'x 48, 51 (6th Cir. 2002) (finding that prison officials were not deliberately indifferent to a request to fix a faulty light where the prisoner was informed that a new light bulb was not immediately available and he was moved to a new cell eleven days after reporting the problem).